

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2006

# Chadda v. Burcke

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1359

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Chadda v. Burcke" (2006). *2006 Decisions*. Paper 1121.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1121

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 05-1359 and 05-2231
_____

SOLANGE CHADDA,
Appellant

v.

ALLAN BURCKE; JEANINE GENDRECHI;
MARIA TUMOLO; QVC INC;
DIANE YOUNG
_____

Appeals From the United States District Court
For the Eastern  District of Pennsylvania
(D.C. Civil No. 04-cv-04386)
District Judge:  Honorable Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
April 3, 2006

Before:   ROTH, RENDELL, and AMBRO, <u>Circuit Judges</u>.

(Filed:   May 12, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

Solange Chadda appeals from the dismissal of her <u>pro se</u> complaint by the District

Court for the Eastern District of Pennsylvania.[1]  We will affirm.

## I.

In 2004, Chadda filed a complaint designated as an antitrust case and making various allegations regarding the injuries she purportedly suffered from the use of a Diane Young cosmetic sold by QVC, Inc.  Chadda subsequently filed an amended complaint making additional allegations about the conduct of the defendants.  The District Court first granted Diane Young's motion to dismiss for failure to state a claim and lack of subject matter jurisdiction. Supplemental Appendix ("SAA") 46-48.  The District Court then granted the remaining defendants', i.e., the QVC defendants',  motion to dismiss for lack of subject matter jurisdiction.  SAA49.

## II.

Our review of the District Court's grant of a motion to dismiss is plenary.  Green v. America Online, 318 F.3d 465, 470 (3d Cir.) 2003.  We accept as true the factual allegations in the complaint and "we draw all reasonable inferences in the light most favorable to the plaintiff."  Id.

The federal courts are courts of limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  The district courts have jurisdiction over federal questions, 28 U.S.C. § 1331, and actions involving parties of diverse citizenship and a

---

[1]  Chadda's initial untimely notice of appeal was docketed at C.A. No. 05-1359.  After the District Court granted Chadda's motion to extend the time to appeal, Chadda filed a second notice of appeal docketed at C.A. No. 05-2231.  The two appeals have been consolidated.

minimum amount in controversy, 28 U.S.C. § 1332(a).

A.

Section 4 of the Clayton Act provides for a private cause of action for damages by any person "injured in his business or property by reason of anything forbidden in the antitrust laws." 15 U.S.C. § 15(a). Although this statute provides a remedy for consumers of goods or services for personal use, it does not encompass personal injuries. Reiter v. Sonotone Corp., 442 U.S. 330, 339 (1979); see also 2660 Woodley Road Joint Venture v. ITT Sheraton Corp, 369 F.3d 732, 738 (3d Cir. 2004) (recognizing that a private plaintiff "must do more than simply show an injury causally linked to a violation of the antitrust laws"; plaintiff "must also prove antitrust injury, which is to say injury of the type the antitrust laws were intended to prevent") (internal quotation marks omitted). Similarly, § 16 of the Clayton Act authorizes injunctive relief, but only for the threat of an antitrust injury. 15 U.S.C. § 26; In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 399 (3d Cir. 2000).

We find that Chadda's allegations, at most, assert personal injury. Thus, in the absence of the requisite injury to "business or property", Chadda has not stated a claim under the antitrust laws. For the same reasons, Chadda's allegations of racketeering do not state a claim under the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"). See 18 U.S.C. § 1964(c) (only authorizing private cause of actions for persons injured in their "business or property"); Holmes v. Securities Investor Prot. Corp., 503 U.S. 258, 267 (1992) (recognizing that the RICO civil private action provision was

3

modeled after § 4 of the Clayton Act).  Accordingly, Chadda's complaint fails to state a claim under the District Court's federal question jurisdiction.[2]

B.

Chadda's complaint also fails to satisfy the requirements for diversity of citizenship jurisdiction.  Because Chadda alleges that she and all of the QVC defendants are citizens of Pennsylvania, she fails to assert complete diversity of citizenship.  See 28 U.S.C. § 1332(a)(1);  Midlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995) (recognizing that to satisfy § 1332(a)(1) jurisdiction no plaintiff can be a citizen of the same state as any defendant).

III.

Accordingly, the District Court lacked subject matter jurisdiction over Chadda's complaint, and we will therefore affirm.[3]

---

[2] In her brief, Chadda also alleges violations of other commerce and trade statutes. See Appellant's Brief at 2-6, 8. However, because these claims were not raised in the District Court we will not consider them on appeal.  See Ross v. Hotel Employees & Restaurant Employees Int'l Union, 266 F.3d 236, 242 (3d Cir. 2001).

[3] To the extent Chadda seeks to have a different District Court Judge assigned to the case, see SAA142, 179, the request is denied as moot.